IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL SEWER; LINNETTE SEWER<br><br>**Plaintiffs,**<br><br>v.<br><br>AUTONOMOUS MUNICIPALITY OF SAN JUAN; OPTIMA SEGUROS; JOHN AND JANE DOE; CORPORATIONS A, B & C; INSURERS X, Y & Z<br><br>**Defendants** | **Civil No. 23cv1057**<br><br>**Personal Injury; Diversity; Jury Trial Demanded** |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs, Israel Sewer and Linnette Sewer, by and through their undersigned counsel, respectfully state, allege, and pray as follow:

**I. JURISDICTION AND VENUE**

**1.** This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000, exclusive of interests and costs, and plaintiff and the defendants are citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

## II. THE PARTIES

3. At all relevant times herein, Plaintiff, Israel Sewer ("Plaintiff"), was and still is a citizen of and domiciled in the Paterson, New Jersey.

4. At all relevant times herein, Plaintiff, Linnette Sewer ("Plaintiff"), was and still is a citizen of and domiciled in the Paterson, New Jersey.

5. At all relevant times herein Defendant, the Autonomous Municipality of San Juan ("MSJ") is a municipality of the Commonwealth of Puerto Rico created by law, with independent authority and the right to sue and be sued. At all relevant times herein, the MSJ was the owner, had control of and/or is in charge of the municipal road known as Soldado Street in the Condado area, which was defective and caused Plaintiff, Israel Sewer, to fall as further described in this complaint.

6. At all relevant times herein Defendant, Optima Seguros ("Optima"), is an insurance company authorized to issue policies of insurance in Puerto Rico that had issued an insurance policy to cover accidents like the one described in this complaint. At all relevant times herein, Optima had in full force and effect

an insurance policy covering the MSJ for the acts and omissions and the damages suffered by the Plaintiffs as alleged herein.

**7.** Upon information and belief, John and Jane Doe Defendants are individuals, corporations, and other entities whose names and addresses are unknown to Plaintiff at this time, and who caused or contributed to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been ascertained at this time. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against John and Jane Does. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

**8.** Upon information and belief, fictitiously named Defendants, Insurance Companies X, Y and Z were and still are insurance companies doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to all Defendants, covering all risk for injuries and accidents that Plaintiff suffered as a result of their negligence.

## III. FACTUAL ALLEGATIONS

**9.** On February 28, 2022, the Plaintiffs were enjoying their vacation in Puerto Rico.

**10.** While traveling on an electric scooter through Soldado Street in the Condado area of San Juan, Puerto Rico, Mr. Sewer fell into a pothole in front of the Ocean Park Condominium residential building on said street, causing him to fall, abruptly landing on his right knee.

**11.** Because of the force of the fall, Mr. Sewer suffered serious, painful, and grievous injuries, to his right leg and knee and abrasion to his left-hand fingers. Specifically, Mr. Sewer suffered a disruption of the anterior cruciate ligament, edema along the MCL complex, complex tear of the periphery of the body and posterior horn of the medial meniscus, edge tear of the lateral meniscus, lesion of the proximal fibula with lobulated contours and heterogeneous hyperintensity, among other injuries.

**12.** Mr. Sewer was taken to Ashford Presbyterian Hospital where doctors discharged him with a knee immobilizer and told him he should follow up with an orthopedic surgeon.

**13.** On March 23, 2022, Mr. Sewer underwent arthroscopy, anterior cruciate ligament reconstruction surgery, quadricep tendon autograft, among many other medical procedures.

**14.** Mr. Sewer has suffered serious damage and mental anguish as a result of the accident and has incurred and will incur medical expenses in the future.

**15.** In addition, the vacations of both Mr. Sewer and Linnette Sewer were ruined by the accident.

**16.** Linnette Sewer was emotionally distressed and suffered mental anguishes when she saw her husband fall and seriously injured himself.

**17.** The proximate cause of the Mr. Sewer's fall was the hazardous condition caused by the poor maintenance and failure of MSJ to repair the pothole on Soldado Street. The pothole in the road had not been repaired for months creating a dangerous condition that caused the accident that is the subject of this claim. Said dangerous condition was known to the MSJ or should have been discovered had it acted prudently in the maintenance of its facilities.

**18.** At all times relevant hereto, Defendants owed a duty to repair, maintain, correct, inspect and otherwise be responsible for the aforesaid street, so that the same would be safe for public, including Mr. Sewer.

**19.** The circumstances under which Plaintiff, Mr. Sewer was injured were such that his said injuries could not have occurred except by Defendants' negligence.

**20.** The aforesaid accident was caused solely by the negligence and carelessness of Defendants, and in no manner whatsoever to any act or failure to act on the part of Plaintiffs.

**21.** As a direct and proximate result of this accident, Ms. Sewer suffered physical injuries which are serious and permanent, and that also required surgery to his right leg.

**22.** As a further result of this accident, Plaintiff, Mr. Sewer has been obligated to receive and undergo medical attention and care for his injuries, a very long and painful recovery period, and had to incur various unwanted expenses.

**23.** As a further result of this accident, Mr. Sewer has been obligated to receive and undergo reasonable and necessary medical treatment and physical therapies for his injuries.

**24.** As a further result of this accident and the reconstructive operation that followed, Mr. Sewer is unable to walk as before the accident, cannot remain standing as before the accident, and now has difficult attending to his daily chores, duties, and occupations.

**25.** As a further result of this accident, Mr. Sewer has suffered from physical injuries, mental anguish, and loss of enjoyment of life.

**26.** As a direct result of the accident, Plaintiff, Sewer now has a significant permanent impairment and a huge permanent scar

due to the operation she had to endure. The value of his physical injuries is estimated at not less than FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00).

**27.** The injuries, pain and suffering and mental anguish suffered by Mr. Sewer, caused Linnette Sewer, to also suffer mental anguish. Her vacation was also ruined by her mother's accident. She suffers mental anguish because of the injuries she observed in her husband and the terrible and life changing effects that the accident had on Mr. Sewer. All her damages are estimated in excess of ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000.00).

### Count I: Negligence

**28.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**29.** At all times material and relevant to this complaint, Defendants owned, controlled, maintained, supervised, and/or had dominion of the Soldado Street.

**30.** Defendant, the MSJ, has a non-delegable duty to maintain the Wilson Street in a safe condition and to protect the public against the risk of dangerous conditions existing on the said property.

**31.** Upon information and belief, the dangerous condition of the Wilson Street pothole was known by Defendants.

**32.** The pothole on the street where Plaintiff fell posed a serious hazard to him and other members of the public.

**33.** At all relevant times herein, the MSJ knew of, or by exercise of reasonable care should have discovered the dangerous conditions that caused Mr. Sewer's injuries.

**34.** The MSJ breached its duty to protect the public by failing to repair or eliminate the above-described dangerous conditions which ultimately caused plaintiffs' injuries.

**35.** The negligence and carelessness of said Defendants in the care, custody, maintenance, or control of the aforementioned street which resulted in plaintiff's injuries consisted of the following:

   a. failing to inspect, correct or have corrected, repair or protect from defective, and/or hazardous conditions on the street used by the transient public;

   b. allowing a pothole to remain in the street that Defendants knew or should have known created a dangerous condition and hazard to the transient public;

   c. failure to properly and adequately maintain the premises, in particular, the aforementioned pothole that caused Mr. Sewer to fall;

d. failure to warn the transient public and/or the general public of the dangerous, hazardous and unsafe conditions;

e. failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions of the street;

f. failure to properly and adequately hire and/or instruct their agents, servants, workmen, employees and/or representatives, of Defendants herein, as to safe and proper procedure for inspecting, maintaining, repairing, cleaning, correcting a dangerous and defective condition on Defendants' streets, including the defective and/or dangerous conditions pothole which caused Plaintiff Mr. Sewer to trial and fall;

g. Among other negligent acts and/or omissions that will be proved at trial.

## Count II: Direct Action

**36.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

**37.** Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. P.R. Laws Ann. 26 § 2001.

**38.** Optima issued a policy of insurance covering the liability of the MSJ for the damages claimed by the Plaintiffs herein.

**39.** Optima is liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendant MSJ.

### JURY TRIAL DEMANDED

**40.** Plaintiffs hereby demand a trial by jury.

**WHEREFORE,** it is respectfully requested that this Honorable Court, after the jury renders its verdict, judgment be entered accordingly for plaintiffs, with the imposition of reasonable attorneys' fees and costs.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 6th day of February, 2023.

<u>s/ Alberto J. Castañer-Padró</u>
Alberto J. Castañer-Padró
USDC 225706
**Castañer & Cía PSC**
MAI Center
Marginal Kennedy
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
alberto@castanerlaw.com